IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GURAL FOSTER                                                                    PLAINTIFF

V.                                    Case No. 4:19cv213

ANIMAL SERVICES OF LITTLE ROCK                                DEFENDANT

**ORDER**

Pending before this Court is the Plaintiff's Motion to Proceed *In Forma Pauperis*. The *In Forma Pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Greaser v. State of Mo., Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). The decision of whether to grant or deny *in forma pauperis* status under section 1915 "is within the sound discretion of the trial court." *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). Based on Mr. Foster's *in forma pauperis* application, he has neither the funds nor the income to pay the filing fee. Therefore, the Court grants his motion to proceed *in forma pauperis*. (Dkt. No. 1).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen the complaint before ordering service to determine if the complaint should be dismissed on the grounds that it is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. See Key *v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016).

According to Mr. Foster's complaint, he went to look for his dog and found him at the shelter run by Animal Services of Little Rock. Employees of the shelter told him that get his dog back he would need to pay $230 or he could pay $90 by adopting him back through the Friends to the Shelter organization. The complaint does not allege what day he found his dog at the

shelter but states that on March 27, 2019 when he went to get his dog, he was told that his dog had already been adopted to someone else. Mr. Foster claims that Defendant breached the verbal agreement to reunite him with his dog.

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A review of the complaint reveals that there is no diversity of jurisdiction, and no federal claim has been presented. Rather, Mr. Foster alleges a state law breach of contract claim against over which this Court has no original jurisdiction.

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket # 1) is GRANTED. However, his cause of action is DISMISSED without prejudice for lack of subject matter jurisdiction. The Clerk is directed to close the case.

IT IS SO ORDERED this 10th day of April, 2019.

James M. Moody
United States District Judge